UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SOLUBIOMIX LLC | CIVIL ACTION |
| VERSUS | NO. 26-846 |
| WELLGISTICS HEALTH INC. | SECTION R (2) |

# **ORDER AND REASONS**

Plaintiff Solubiomix LLC ("Solubiomix") moves for a default judgment against defendant Wellgistics Health Inc. ("Wellgistics").[1] Wellgistics has not responded to the motion. For the following reasons, the Court denies the motion.

## **I. FACTUAL BACKGROUND**

Solubiomix, a Louisiana LLC, brings a motion for default judgment for the amount due on an open account under La. R.S. 9:2781.[2] Solubiomix also seeks attorney's fees under La. R.S. 9:2781.[3] Solubiomix filed a verified complaint stating that Wellgistics, a Delaware corporation with its principal place of business in Florida, contacted Solubiomix for the purposes of ordering pharmaceutical products.[4] Solubiomix further states that

1 R. Doc. 14.
2 *Id.*
3 *Id.*
4 R. Doc. 1.

Wellgistics purchased $107,520 worth of products from Solubiomix.[5] On August 18, 2025, Wellgistics completed a purchase order confirming the products ordered.[6] Solubiomix filled the order on August 19, at which time Solubiomix generated an invoice.[7] The invoice listed the products sold, price, quantity, and payment terms of "Net 30."[8] It also noted that freight was prepaid by Wellgistics.[9] The product was then shipped and delivered to Wellgistics on August 20, as reflected in Solubiomix's transaction history record.[10] Solubiomix later extended the payment terms to "Net 60."[11] The co-owner of Solubiomix states that he then made several demands for payment via email, but Wellgistics did not respond or pay any amount toward the outstanding balance owed.[12]

Solubiomix then filed this suit for nonpayment on an open account under La. R.S. 9:2781.[13] Wellgistics was served with a copy of the citation, the original complaint, and the first amended complaint by mail via its

---

5 R. Doc. 14 at 2.
6 R. Doc. 14-3.
7 R. Doc. 14-4.
8 *Id.*
9 *Id.*
10 R. Docs. 14-2 at ¶¶ 9–10; 14-5.
11 R. Doc. 1 at ¶ 10.
12 R. Doc. 14-2 at ¶ 12.
13 *Id.* at ¶ 14.

registered agent.[14] Wellgistics did not respond or make any payments.[15] On August 12, 2026, Solubiomix moved for an entry of default as to Wellgistics.[16] The clerk granted the motion on August 13.[17] On August 18, Solubiomix filed this motion for default judgment.[18]

## II. LEGAL STANDARD

### A. Entry of Default

A plaintiff who seeks a default judgment against an unresponsive defendant must proceed through two steps. First, the plaintiff must petition the court for the entry of default, which is simply "a notation of the party's default on the clerk's record of the case." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986). Before the clerk may enter the default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The Court is satisfied that Solubiomix properly had a default entered. After a default has been entered, the plaintiff may move for a default judgment. *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014) (per curiam).

---

14 R. Doc. 14-6 at ¶ 2.
15 *Id.* at ¶¶ 3–4.
16 R. Doc. 12.
17 R. Doc. 13.
18 R. Doc. 14.

### B. Entry of Default Judgment

Before entering a default judgment, a court must "look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). Here, subject-matter jurisdiction is premised on diversity of citizenship. *See* 28 U.S.C. § 1332. In its complaint, plaintiff alleges that it is a Louisiana LLC with its principal place of business located in Louisiana and its two sole members reside in Louisiana.[19] It further alleges that defendant is a corporation incorporated in Delaware with its principal place of business in Florida.[20] Additionally, the amount-in-controversy requirement is satisfied because plaintiff seeks to recover more than $75,000.[21] Diversity jurisdiction is therefore satisfied. Further, plaintiff properly served defendant with process on July 9, 2026.[22] The Court finds that it has jurisdiction to enter a default judgment.

In determining whether the entry of a default judgment is procedurally appropriate, courts consider the following factors: (1) whether there are

---

19 R. Doc. 1 at ¶ 3.
20 R. Doc. 6 at ¶ 4.
21 R. Doc. 1 at ¶ 2.
22 R. Doc. 14-6 at ¶ 2.

material facts at issue; (2) whether there would be substantial prejudice; (3) whether the grounds for the default have been clearly established; (4) whether the default was caused by excusable neglect or a good faith mistake; (5) the harshness of the default judgment; and (6) whether the court would likely set aside the default judgment on a motion from defendant. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Additionally, courts must consider the substantive merits of the plaintiff's claim to determine if there is a sufficient basis for the default judgment. *Nishimatsu Const. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In making this assessment, the Court deems Solubiomix's well-pleaded factual allegations admitted. *Id.*

## III. DISCUSSION

The Court finds that there is not a sufficient basis in the record to support a default judgment on Solubiomix's open account claim.

First, there are material facts at issue. Audy Ladner, Solubiomix's co-owner, states in his affidavit that payment was due from Wellgistics upon receipt.[23] But Solubiomix's verified complaint states that the payment terms

---

[23] R. Doc. 14-2 at ¶ 8.

were initially Net 30 and were then extended to Net 60.[24] This is a fact issue that counsels against the entry of default judgment. *Lindsey*, 161 F.3d at 893.

Second, Solubiomix has not demonstrated that the substantive merits of the claim provide a sufficient basis for a default judgment. Specifically, Solubiomix has not demonstrated why this transaction constituted one on open account rather than an individual sale. Plaintiff brings this claim under Louisiana's open account statute, La. R.S. 9:2781.[25] Under that statute, an "'open account' includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." La. R.S. 9:2781(D). While it is true that the open account statute does not require multiple transactions or that the parties anticipate future transactions, *Frey Plumbing Co. v. Foster*, 996 So.2d 969, 972 (La. 2008), the Fifth Circuit has held that the "hallmark of an open account is that the total cost, unlike a contract, is generally left open or undetermined." *Ormet Primary Aluminum Corp. v. Ballast Techs., Inc.*, 436 F. App'x 297, 301. Nothing in the record suggests that the total amount due here was left open or undetermined.

---

24 R. Doc. 1 at ¶ 10.
25 R. Doc. 14 at 3.

Third, default judgment granted on inadequate grounds would likely be set aside on a motion from defendant or cause substantial prejudice.

In conclusion, while Wellgistics clearly defaulted on responding to Solubiomix's claim and no excuse appears in the record, the Court finds that Solubiomix has failed to demonstrate that a default judgment is warranted on the merits of its claim, even accepting its allegations as true.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion for default judgment.

New Orleans, Louisiana, this 3rd day of September, 2026.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE