UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SOLUBIOMIX LLC | CIVIL ACTION |
| VERSUS | NO. 26-846 |
| WELLGISTICS HEALTH INC. | SECTION R (2) |

# ORDER AND REASONS

Plaintiff Solubiomix LLC ("Solubiomix") moves for a default judgment against defendant Wellgistics Health Inc. ("Wellgistics").[1] Wellgistics has not responded to the motion. For the following reasons, the Court grants the motion.

## I. FACTUAL BACKGROUND

Solubiomix, a Louisiana LLC, brings a motion for default judgment for the amount due on an open account under La. R.S. 9:2781.[2] Solubiomix also seeks attorneys' fees under La. R.S. 9:2781.[3] Solubiomix filed a verified complaint stating that Wellgistics, a Delaware corporation with its principal place of business in Florida, contacted Solubiomix for the purpose of

1 R. Doc. 16.
2 *Id.*
3 *Id.*

ordering pharmaceutical products.[4] Solubiomix further states that it created an open account for Wellgistics and that Wellgistics purchased $107,520 worth of products from Solubiomix.[5] On August 18, 2025, Wellgistics completed a purchase order confirming the products ordered.[6] Solubiomix filled the order on August 19, at which time Solubiomix generated an invoice.[7] The invoice listed the products sold, price, quantity, and payment terms of "Net 30."[8] It also noted that freight was prepaid by Wellgistics.[9] The product was then shipped and delivered to Wellgistics on August 20, as reflected in Solubiomix's transaction history record.[10] Solubiomix later extended the payment terms to "Net 60."[11] The co-owner of Solubiomix states that he then made several demands for payment via email, but Wellgistics did not respond or pay any amount toward the outstanding balance owed.[12]

Solubiomix then filed this suit for nonpayment on an open account under La. R.S. 9:2781. Wellgistics was served with a copy of the citation, the

---

4 R. Doc. 1.
5 R. Doc. 16 at 3–4.
6 R. Doc. 16-3.
7 R. Doc. 16-4.
8 *Id.*
9 *Id.*
10 R. Doc. 16-5.
11 R. Doc. 1 at ¶ 10.
12 R. Doc. 16-2 at ¶ 19.

original complaint, and the first amended complaint by mail via its registered agent.[13] Wellgistics did not respond or make any payments. On August 12, 2026, Solubiomix moved for an entry of default as to Wellgistics.[14] The clerk granted the motion on August 13.[15]

On August 18, Solubiomix filed a motion for default judgment.[16] The Court denied the motion.[17] The Court found that, while Wellgistics clearly defaulted, the transaction's payment terms were unclear from Solubiomix's records and there was not a sufficient basis in the record to establish an "open account" under La. R.S. 9:2781.[18]

On September 18, 2026, Solubiomix filed this supplemental motion for default judgment as to Wellgistics.[19] Wellgistics did not respond to the motion. The Court considers the motion below.

## II. LEGAL STANDARD

### A. Entry of Default

13 R. Doc. 14-6.
14 R. Doc. 12.
15 R. Doc. 13.
16 R. Doc. 14.
17 R. Doc. 15.
18 *Id.*
19 R. Doc. 16.

A plaintiff who seeks a default judgment against an unresponsive defendant must proceed through two steps. First, the plaintiff must petition the court for the entry of default, which is simply "a notation of the party's default on the clerk's record of the case." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986). Before the clerk may enter the default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The Court is satisfied that Solubiomix properly had a default entered. After a default has been entered, the plaintiff may move for a default judgment. *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014) (per curiam).

**B. Entry of Default Judgment**

Before entering a default judgment, a court must "look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). Here, subject-matter jurisdiction is premised on diversity of citizenship. *See* 28 U.S.C. § 1332. In its complaint, plaintiff alleges that it is a Louisiana LLC with its principal place of business located in Louisiana and

that its two sole members reside in Louisiana.[20] It further alleges that defendant is a corporation incorporated in Delaware with its principal place of business in Florida.[21] Additionally, the amount-in-controversy requirement is satisfied because plaintiff seeks to recover more than $75,000.[22] Diversity jurisdiction is therefore satisfied. Further, plaintiff properly served defendant with process.[23] The Court finds that it has jurisdiction to enter a default judgment.

In determining whether the entry of a default judgment is procedurally appropriate, courts consider the following factors: (1) whether there are material facts at issue; (2) whether there would be substantial prejudice; (3) whether the grounds for the default have been clearly established; (4) whether the default was caused by excusable neglect or a good faith mistake; (5) the harshness of the default judgment; and (6) whether the court would likely set aside the default on a motion from defendant. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Additionally, courts must consider the substantive merits of the plaintiff's claim to determine if there is a sufficient basis for the default

---

20 R. Doc. 1 at ¶ 3.
21 R. Doc. 6 at ¶ 4.
22 R. Doc. 1 at ¶ 2.
23 R. Doc. 14-6 at ¶ 2.

judgment. *Nishimatsu Const. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In making this assessment, the Court deems Solubiomix's well-pleaded factual allegations admitted. *Id.* Further, the Court may consider "testimony that elaborates on [plaintiff's] factual allegations." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 494 (5th Cir. 2015); *see also South Lafourche Bank & Trust Co. v. M/V Jenny W*, 2022 WL 20055601, at *5 (E.D. La. Nov. 21, 2022) (entering default judgment because "considering the affidavits [attached to the motion], the Court finds that [plaintiff] has presented sufficient evidence to support its claims").

## III. DISCUSSION

### A. Default Judgment

The Court finds that a default judgment against Wellgistics is warranted. The record establishes that Wellgistics was properly served but did not timely "plead or otherwise defend" itself in this case. Fed. R. Civ. P. 55(a). Wellgistics was served with a summons requiring it to file an answer or motion within 21 days after July 9, 2026, and stating that its failure to do so would result in a default judgment.[24] To date, Wellgistics has failed to file a motion or answer and has not otherwise responded to Solubiomix's motion

24 R. Doc. 9.

for a default judgment. Although judgments by default are generally disfavored, Wellgistics' failure to respond to this action has made it impossible to achieve a "just, speedy, and inexpensive disposition" of this case on the merits. *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Further, the record does not reveal any excuse for Wellgistics' failure to defend. *Lindsey*, 161 F.3d at 893. Moreover, Wellgistics' failure to answer plaintiff's complaint for over five months outweighs any harshness of a default judgment.

As noted above, after entry of default, the Court deems plaintiff's well-pleaded factual allegations admitted. *See Nishimatsu*, 515 F.2d at 1206. Based on Solubiomix's well-pleaded factual allegations and the evidence submitted with its motion, the Court finds that there is a sufficient basis in the record to grant the motion for default judgment.

First, there is no fact issue as to the payment terms of the transaction. The Court denied Solubiomix's first motion for default judgment because the record contained contradictory claims about the payment terms of the transaction between Solubiomix and Wellgistics.[25] Solubiomix has clarified that the original affidavit of Mr. Ladner, Solubiomix's co-owner, mistakenly

25 R. Doc. 15 at 5–6.

listed the transaction's payment terms as "on receipt."[26] His amended affidavit provides that the payment terms were initially Net 30 and were then extended to Net 60.[27] This is consistent with the allegations in Solubiomix's verified complaint.[28] Thus, there is no longer a fact issue regarding the payment terms of the transaction.

Second, Solubiomix's supplemental motion has provided a sufficient basis for the entry of default judgment on its open account claim. On an open account claim under La. R.S. 9:2781, courts consider the following factors to distinguish between an open account and an ordinary contract: "(1) whether there were other business transactions between the parties; (2) whether a line of credit was extended by one party to the other; (3) whether there are running or current dealings; and (4) whether there are expectations of other dealings." *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 174 (5th Cir. 2007). The Court denied Solubiomix's first motion for default judgment because it was not clear from the record that the transaction at issue constituted an open account as opposed to an individual sale.[29]

---

26 R. Doc. 16 at 2–3.
27 R. Doc. 16-2 at 3.
28 R. Doc. 1 at ¶ 10.
29 R. Doc. 15 at 6.

The record now demonstrates that Wellgistics had an open account with Solubiomix. Mr. Ladner has testified that Wellgistics has placed nearly 500 orders with Solubiomix over the past nine years, and that Solubiomix has extended a line of credit to Wellgistics on its account.[30] He also noted that Wellgistics generally made payments without significant delays, but that it has not paid the $107,520 due for over a year.[31] Solubiomix has made multiple demands for payment to Wellgistics, but Wellgistics has not paid any amount towards this outstanding balance of $107,520.[32] The Court is satisfied that the record now provides a sufficient basis for Solubiomix's claim on an open account.

### B. Relief Requested

Solubiomix asserts that it is entitled to default judgment against Wellgistics in the amount of $107,520.[33] It also seeks $35,840 in attorneys' fees under La. R.S. 9:2781(A), as well as costs.[34] Finally, it seeks recovery of future attorneys' fees that may be incurred in the pursuit of additional collection efforts in the future under La. R.S. 9:2781(E)(2).[35]

30 R. Doc. 16-2 at 1–2.
31 *Id.* at 2–3.
32 *Id.* at 3.
33 R. Doc. 16 at 8.
34 *Id.* at 7.
35 *Id.*

In deciding to grant a default judgment, it is the Court's duty "to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944). A plaintiff is not entitled to have its allegations regarding damages accepted as true. *See United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages."). In the default-judgment context, the Fifth Circuit has stated that "unliquidated damages normally are not awarded without an evidentiary hearing," but this rule "is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A sum is "capable of mathematical calculation" if it can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311. The Court has "wide latitude" to determine whether an evidentiary hearing is necessary in a particular case. *Id.* at 310 (citing Fed. R. Civ. P. 55(b)(2)).

In support of the amount it seeks, Solubiomix submits a purchase order form, an invoice, and Mr. Ladner's affidavit.[36] Based on these materials, the Court finds that the amount owed by Wellgistics is capable of

---

[36] R. Docs. 16-3; 16-4; 16-2.

mathematical calculation. *See James*, 6 F.3d at 311 (upholding the court's award of damages without an evidentiary hearing when the terms of the promissory note and the pleadings "render[ed] an evidentiary hearing unnecessary"). Accordingly, the Court finds that Solubiomix is entitled to a default judgment in the amount of $107,520. Interest will accrue on the judgment at the rate determined under 28 U.S.C. § 1961(a) until the judgment is paid in full.

Under the open account statute, claimants are also entitled to "reasonable attorney fees for the prosecution and collection" of their claims. La. R.S. 9:2781(A). The Fifth Circuit has held that "state law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). The Louisiana Supreme Court has set out factors for courts to consider in determining the reasonableness of an award of attorneys' fees:

> (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.

*Dep't of Transp. and Dev. v. Williamson*, 597 So. 2d 439, 442 (La. 1992).

A court may also consider the amount provided in a fee contract such as Solubiomix's, but it is not bound by that contract in determining whether an award of attorneys' fees is reasonable. *See Rivet v. Dep't of Transp. & Dev.*, 800 So. 2d 777, 782 (La. 2001). Here, plaintiff agreed to pay its attorney 33.333% of the amount due and owing upon its collection.[37] Thus, plaintiff asks for $35,840 in attorneys' fees.[38]

The Court finds that an award of $35,840 in attorneys' fees is not reasonable here. The record indicates that Wellgistics has not contested this case at any stage of the litigation. There is no indication that any discovery has taken place. No hearing or trial has occurred. The issues in this case are not unusually complex. Further, Solubiomix has not offered any evidence that this award is reasonable. Solubiomix has not indicated the number of hours worked, the time spent, the tasks completed, or its attorney's typical rates. An award of $35,840 in attorneys' fees would thus be unreasonable here.

Louisiana courts have found plaintiffs who have prevailed on their open account claims to be entitled to attorneys' fees of 25% of the amount owed under La. R.S. 9:2781. *See Louisiana Crane Co. v. Quality Contract*

---

37 R. Doc. 16-2 at 4.
38 R. Doc. 16 at 7.

*Servs., Inc.*, 2009 WL 1545807, at *2 (La. App. 3 Cir. 2009) (collecting cases). Because Solubiomix has prevailed in this action, the Court finds that a fee award of 25% of the amount owed is reasonable. Thus, the Court awards Solubiomix $26,880 in attorneys' fees.

Finally, Solubiomix seeks recovery of its future attorneys' fees that may be incurred in the pursuit of additional collection efforts.[39] The open account statute provides that "'reasonable attorney fees' means attorney fees incurred before judgment and after judgment if the judgment creditor is required to enforce the judgment through a writ of fieri facias, writ of seizure and sale, judgment debtor examination, garnishment, or other post-judgment judicial process." La. R.S. 9:2781(E)(2). But because the Court has "no reasonable basis to determine what legal efforts will be required in the future to enforce this judgment," it is inappropriate to award future attorneys' fees. *MSMM Eng'g, LLC v. Carr*, 2022 WL 22858898, at *5 (E.D. La. June 2, 2022).

39 *Id.*

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for default judgment in the amount of $107,520, plus judicial interest and costs. Plaintiff is also entitled to $26,880 in attorneys' fees.

New Orleans, Louisiana, this __29th__ day of September, 2026.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE